**STATE of Missouri, Respondent,**

v.

**Dewayne WHITE, Appellant.**

**Dewayne WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67892, 70910.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1997.

---

**1.** All statutory citations are to RSMo 1994.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Chief Judge.

Defendant appeals the judgment and sentence entered upon his conviction by a jury of robbery in the first degree. Section 569.020 RSMo 1994. Defendant also appeals the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. The dispositive issue on appeal is Defendant's claim that the trial court erred in permitting the State to elicit testimony from a codefendant that he had pled guilty to the same crime. We hold that this was prejudicial error and reverse and remand for a new trial. Defendant's Rule 29.15 appeal is dismissed as moot.

On January 24, 1994, Victim was leaving her grandfather's house to retrieve a set of keys from her uncle's car when she noticed four men walking down the street. The men yelled, "Hey girl, come here, I want to talk to you." Frightened, Victim went back into the house. Believing the men were gone, Victim proceeded to her uncle's car. The men, however, again yelled at Victim and proceeded toward her. Frightened, Victim jumped into the car and locked the doors. The men surrounded the car, pointed a sawed-off shotgun at Victim's head and told her to get out of the car. Victim got out of the car and the men pushed her up against the car, held a shotgun to her neck and robbed her. Victim later identified Defendant in a lineup as one of the four men who had robbed her.

During the course of the trial, Defendant's counsel learned that the prosecutor intended to call a codefendant, Byron White, to the stand and the following colloquy occurred outside the presence of the jury:

[DEFENSE COUNSEL]: Based on what I understand the circuit attorney is going to ask this man when he comes out, she is going to ask him about his prior statement which is hearsay even though his is the one that said them.

What is relevant, here, what is not hearsay, if he talks about what he saw and what he heard that night. But apparently that's not what she is going to ask him. She's going to ask him about something that happened months later when he pled guilty. And that's improper, so I object. I make a motion in limine as far as those

kinds of questions are concerned about the guilty plea.

I think this defendant has the right to object and I do object on his behalf to the extent that he deserves a separate trial and that man is coming out testifying admitting that he pleaded guilty to the same case. She is going to introduce the fact this the other guy is convicted of a crime but she doesn't have the right to go into the fact that it's the same case.

If he is going to come out and testify about what he saw and what he heard that's different; but what I understand is he's going to talk about he pleaded guilty to the same charges and that's not proper and it violates my client's rights.

THE COURT: Overrule your request.

[PROSECUTOR]: May I just add to the record, your Honor, that the relevance of Bryon [sic] White's testimony is that during his guilty plea he admitted that these crimes were committed with himself, Antonio Thomas, Melvin McWilliams, and the defendant Dewayne White. That's the significance of his testimony, not that he pled guilty.

[DEFENSE COUNSEL]: But that's hearsay, that's the plea of guilty I am talking about, he's got to say what happened that night.

[PROSECUTOR]: Why?

[DEFENSE COUNSEL]: Because otherwise it's hearsay.

THE COURT: I have overruled your objection. Bring the jury on up.

When White was called to the stand, Defendant's counsel renewed his objection for the reasons previously stated and on other grounds not pertinent to the appeal. White then testified as follows:

Q. Okay, state your name for the record.

A. Byron White.

Q. Okay. Byron White. Did you plead guilty to a robber [sic] first degree that occurred on August 2, 1994?

A. Yeah.

Q. Okay. Did that occur in Division 22?

A. Yes, ma'am.

        *     *     *     *     *     *

Q. (By [Prosecutor]): And you pled guilty to this on August 2, 1994, is that right?

A. Yes, ma'am.

Q. Now the robberies that you pled guilty to, the addresses for those were the 3700 block of St. Louis Avenue, is that right?

A. Yes, ma'am.

Q. Another one north, 3700 block of Palm; isn't that right?

A. Yes, ma'am.

Q. Another one 673 North Channing, isn't that right?

A. Yes, ma'am.

Q. This was in front of Judge Neil, isn't that right?

A. Yeah.

Q. Now at the time of your guilty plea you were asked several questions, isn't that right?

A. Yes, ma'am.

Q. And one of them was whether you committed the robberies with Antonio Thomas, Melvin McWilliams, and Dewayne White. If you were asked this question what was your response?

A. Yes.

Q. And then you received twenty five years, isn't that right?

A. Yes, ma'am.

Q. But you only had to do a hundred and twenty days, then the rest was put on probation, isn't that right?

A. Yes, ma'am.

[PROSECUTOR]: I have nothing further.

In his first point, Defendant contends the trial court erred in overruling his objection to the admission of codefendant White's guilty plea to the same charge. Defendant contends that the admission of codefendant's guilty plea denied him his right to a separate trial before a fair and impartial jury. We agree.

■■■■ Defendant draws our attention to the general and well established rule that a codefendant's conviction or plea of guilty is inadmissible at the trial of others accused of

the crime. *See, e.g., State v. Borden,* 605 S.W.2d 88, 90 (Mo. banc 1980); *State v. Fenton,* 499 S.W.2d 813, 816 (Mo.App.1973). The rule and its rationale were summarized as follows in *Fenton,* 499 S.W.2d at 816:

> The general rule is that where two persons have been jointly indicted for the same offense, but are separately tried, a judgment of conviction against one of them is not competent on the trial of the other, inasmuch as such conviction is no evidence either of joint action or the guilt of the accused. The same rule is applicable where two persons are jointly charged and one pleads guilty. And, equally applicable where two or more are separately charged for the same crime. 22A C.J.S. Criminal Law [section] 784 (1961). In this state it is deemed error, usually reversible error, to show in evidence or tell the jury that a jointly accused defendant has been convicted or plead guilty. *State v. Johnson,* 456 S.W.2d 1 (Mo.1970); *State v. Aubuchon,* 381 S.W.2d 807 (Mo.1964); *State v. Mull,* 318 Mo. 647, 300 S.W. 511 (1927); *State v. Castino,* 264 S.W.2d 372 (Mo.1954); *State v. Stetson,* 222 S.W. 425 (Mo.1920). Thus, a defendant is entitled to be tried on his own without having his guilt prejudged by what has happened to another, it being considered an elementary principle of justice that one man shall not be affected by another's act or admission, to which he is a stranger. *State v. Aubuchon, supra. Kirby v. United States,* 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899). Also see Annotations, 48 A.L.R.2d 1004 (1956), 48 A.L.R.2d 1016 (1956), wherein it is pointed out that the prejudicial effect of a prosecutor's remarks in his opening statement to the jury that another defendant has been convicted or pleaded guilty is governed by the same rules and produce the same general result as when the fact of the guilty plea or conviction of another is brought out during the trial.

■ Admission of the disposition of a co-defendant's case, whether by conviction, plea or acquittal, has also been held to dissipate the value of the defendant's right to a separate trial secured by section 545.880 RSMo 1994 and Rule 24.06.[1] *State v. Aubuchon,* 381 S.W.2d 807, 816 (Mo.1964); *State v. Johnson,* 456 S.W.2d 1, 3–4 (Mo.1970). It is also inconsistent with the theory of the statute abolishing the distinction between principals and accessories, in that " ... every defendant who joins in the commission of a crime is liable, *on his own,* as a principal; but he is also entitled to be tried on his own without having his guilt pre-judged by what has happened to his co-defendant...." *Id.* Improper references to the disposition of a co-defendant's case have been found to rise to the level of plain error. *See, e.g., State v. Jordan,* 627 S.W.2d 290, 293–94 (Mo.1982); *State v. Fenton, supra,* 499 S.W.2d at 817–18; *but see State v. Borden, supra,* 605 S.W.2d at 90.

The State relies on *State v. Borden, supra,* for the proposition the State may on direct examination adduce evidence of a defendant's plea bargain "in anticipation of an attack by way of cross-examination," and "to avoid the mistaken impression of government concealment," citing *Borden,* 605 S.W.2d at 91 and n. 2. This somewhat overstates the holding in *Borden* which was that, under the circumstances presented, admission of evidence of a plea bargain was not plain error. *Id.* at 91. *State v. Taylor,* 610 S.W.2d 1, 3 (Mo.1981), the only other relevant case cited by the State, likewise found no plain error. *State v. Spinks,* 629 S.W.2d 499 (Mo.App.1981), the only other authority cited by the State, did not involve testimony about a codefendant's plea. Indeed, the three defendants in *Spinks* were tried together. *Id.*

■ In any event, the State's reliance on *Borden* and *Taylor* is inappropriate based on the record in this case because there is nothing in the record that suggests White's guilty plea was the result of any plea bargain or

---

**1.** The State urges that Defendant failed to preserve the issue presented for appellate review by failing to cite a specific portion of the constitution. As indicated above, the appellate cases on the subject generally refer to the statutory right to a separate trial. We hold that Defendant=s

objection at trial, set forth verbatim above, and point on appeal were sufficient to apprise the trial court and this court of the issue presented, and thus the issue is properly preserved for our review.

agreement to testify against Defendant. Thus, the rationale of *Borden* and *Taylor*, that the State may be permitted to anticipate cross-examination by the defendant leaving a false impression with the jury of government concealment, is inapplicable on the record before us. If White's plea and sentence were not the result of a plea bargain, and nothing in this record suggests they were, Defendant is surely unlikely to bring this out on cross-examination. The fact that a codefendant has nothing to gain by identifying Defendant as an accomplice would tend to bolster his credibility, not impeach it. Thus, on the record before us, we hold that the State had no basis for anticipating Defendant would raise White's prior guilty plea on cross-examination and that admission of this evidence as part of the State's case was prejudicial error warranting reversal and remand for a new trial.

We have examined Defendant=s remaining points and conclude that they may not arise again on retrial. The State may consider the brief filed by Defendant and the authorities cited therein and govern itself accordingly. Defendant=s judgment of conviction and sentence are reversed and the cause is remanded for a new trial. Defendant=s appeal of the denial of his Rule 29.15 motion is dismissed as moot.

GRIMM and HOFF, JJ., concur.