**STATE of Missouri, Plaintiff–Respondent,**

v.

**Roger E. BURGESS, Defendant–Appellant.**

No. 23026.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 12, 2000.

Motion for Rehearing or Transfer Denied Oct. 2, 2000.

Application for Transfer Denied Oct. 31, 2000.

Nancy A. McKerrow, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Wade Thomas, Asst. Atty. Gen., Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Roger E. Burgess ("Defendant") was charged by amended information with the sale of a controlled substance in violation of Section 195.211.[1] A jury found Defendant guilty, and he was sentenced as a prior drug offender to eighteen years imprisonment. Defendant appeals his conviction asserting that the trial court plainly erred in failing to declare a mistrial, sua sponte, during the State's opening statement, and in permitting the State to "inject matters into the minds of the jurors

1. All statutory references are to RSMo 1994, unless otherwise indicated.

during closing argument that were not proper for their consideration."

Defendant does not challenge the sufficiency of the evidence supporting his conviction. The evidence, therefore, viewed in the light most favorable to the verdict, shows the following:

On September 2, 1994, Missouri Highway Patrol Trooper Tim Hannan ("Trooper Hannan") went to the home of Angela Loveless ("Loveless") in Houston, Missouri. Trooper Hannan, who was working as an undercover narcotics agent at the time, was acquainted with Loveless through an informant. While at Loveless' residence, Trooper Hannan informed Loveless that he was interested in purchasing marijuana, and Loveless suggested that he accompany her while she purchased marijuana later that afternoon. Loveless identified her supplier as a man named "Roger."

Later that afternoon, Trooper Hannan drove Loveless, his informant, and the informant's wife to Licking, Missouri. Trooper Hannan pulled up next to Defendant's car, and Loveless greeted Defendant. Defendant responded that he had "it" with him and that he had been on his way to Loveless' home. Trooper Hannan proceeded to follow Defendant a short distance down a gravel road and pulled over. Defendant exited his vehicle and entered Trooper Hannan's vehicle. Defendant pulled out a one-ounce bag of marijuana and a small scale from his pocket. Defendant weighed the bag of marijuana on the scale and then gave the bag to Loveless. Loveless inspected the bag and handed it to Trooper Hannan. Trooper Hannan examined the bag, and asked Defendant how much he wanted. Defendant answered $150. Trooper Hannan gave Defendant $150, and Defendant placed the money in his pocket. Trooper Hannan placed the bag of marijuana in his pocket, and Defendant exited the vehicle.

Trooper Hannan and his companions returned to Loveless' home where Trooper Hannan "simulated" smoking a marijuana cigarette. He then left the home, put the remaining marijuana in his briefcase, and locked the briefcase in his trunk. The next day he took the bag of marijuana to his zone office. Testing conducted at the Missouri Highway Patrol laboratory showed that the substance in the bag was 23.69 grams of marijuana.

In his first point on appeal, Defendant contends that the trial court plainly erred in failing to declare a mistrial, sua sponte, during the State's opening statement when the prosecutor informed the jury that Loveless had pled guilty to the same crime with which Defendant was charged. Defendant argues that Loveless' guilty plea was irrelevant to Defendant's guilt, destroyed the presumption of innocence, and improperly tainted Defendant with guilt by association.

During his opening statement, the prosecuting attorney stated:

> You will hear from [Loveless] that—And we're not going to make any bones about it. [Loveless] is a convicted felon. She's been convicted of two counts of sale of a controlled substance. One of the counts that she pled guilty to happened on September 2, 1994, in that car in Licking, this transaction that we're talking about.

Defendant did not object to the prosecutor's statement and his allegation of error was not included in his motion for a new trial. Defendant, therefore, requests plain error review.

In order to prevail on plain error review, Defendant must show that the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice will result if the error is not corrected. *State v. Skillicorn*, 944 S.W.2d 877, 884 (Mo. banc 1997), *cert. denied*, 522 U.S. 999, 118 S.Ct. 568, 139 L.Ed.2d 407 (1997). Manifest injustice is dependent upon the facts and circumstances of the particular case. *State v. Zindel*, 918 S.W.2d 239, 241 (Mo. banc 1996). A showing of mere prejudice is

insufficient. *State v. Varvera*, 897 S.W.2d 198, 201 (Mo.App. S.D.1995).

■ As a general rule, it is reversible error to allow the State in a co-defendant's trial to disclose to the jury the disposition of another co-defendant's charged offense arising out of the same transaction as that with which the defendant is charged. *State v. Jordan*, 627 S.W.2d 290, 293 (Mo. banc 1982). Thus, a defendant is entitled to be tried on his own without having his guilt prejudged by what has happened to another, it being considered "an elementary principle of justice that one man shall not be affected by another's act or admission, to which he is a stranger." *State v. White*, 952 S.W.2d 802, 805 (Mo.App. E.D. 1997).

While acknowledging this principle, the State relies on *State v. Borden*, 605 S.W.2d 88 (Mo. banc 1980), and *State v. Taylor*, 610 S.W.2d 1 (Mo. banc 1981), for the proposition that the State may preemptively inform the jury of a witness' guilty plea "in anticipation of an attack by way of cross-examination." In *Borden*, the State introduced evidence of a witness' plea bargain during direct examination, and the court held that under the circumstances presented, the admission of evidence of a plea bargain was not plain error, stating that the "[d]isclosure of the inchoate plea bargain and the State's agreement to reduce charges in return for the testimony of a witness (here an accomplice) was relevant to show the personal interest of the witness and constituted a proper basis for impeachment." 605 S.W.2d at 91. In *Taylor*, the prosecutor revealed in his opening statement that the State's witness had pled guilty to the same crime with which defendant was charged. On direct examination, the prosecutor further elicited from that witness that, in return for his cooperation in the *Taylor* case, the prosecutor was recommending that he be sentenced to fifteen years imprisonment outside the State of Missouri. The *Taylor* court held that it was not plain error for the trial court to overrule the defense's objections, made on the grounds of relevancy and materiality, to the prosecutor's introduction of evidence concerning the guilty plea as the "disposition of the charge against the witness was relevant and material upon his credibility." 610 S.W.2d at 3.

■ The State's reliance on *Borden* and *Taylor* is misplaced based on the record in this case. Here, unlike *Borden* and *Taylor*, there is nothing in the record that suggests Loveless' guilty plea was the result of a plea bargain or agreement to testify against Defendant. Loveless testified that she was "just [there] telling the truth" and that there was no consideration given for her testimony. If Loveless' plea and sentence were not the result of a plea bargain, and nothing in the record suggests that they were, it is highly unlikely that Defendant would use that information for purposes of impeachment during cross-examination because that testimony would tend to bolster Loveless' credibility, not impeach it, by showing that she had nothing to gain by testifying against Defendant. The State therefore had no basis for anticipating that Defendant would raise Loveless' prior guilty plea on cross-examination, and it should not have disclosed the plea.

■ Although the State's disclosure of Loveless' guilty plea inserted error into Defendant's trial, the error was not sufficiently prejudicial in light of the overwhelming evidence of Defendant's guilt to warrant relief under the plain error standard of review. Here, the evidence showed that when Trooper Hannan met Defendant, Defendant stated that he had "it" with him. Defendant then entered Trooper Hannan's vehicle, pulled out a bag of marijuana and a small scale from his pocket, and weighed the marijuana. Trooper Hannan and Loveless examined the bag, and Trooper Hannan asked Defendant how much he wanted. Defendant answered $150. Trooper Hannan gave Defendant $150, and Defendant placed the

money in his pocket and exited the vehicle. The substance in the bag was subsequently tested and determined to be 23.69 grams of marijuana. In view of this evidence, we cannot say that the error injected by the State during its opening statement so substantially affected Defendant's rights that manifest injustice or miscarriage of justice would inexorably result if left uncorrected. Defendant's first point is therefore denied.

In his second point, Defendant contends that the trial court plainly erred in permitting the State to "inject matters into the minds of the jurors during closing argument that were not proper for their consideration." Specifically, Defendant claims that the trial court committed plain error when it "permitt[ed]" the State to make the following argument during its closing statement:

> You'll speak for this community. Are you going to accept people selling drugs in Texas County? Will you walk back to your families, your friends and neighbors and say that you acquitted this man on what you heard in this courtroom today? You can't do it, and you don't want to do it. You don't want to send that message.

Defendant admits that he did not object to this argument or include it in his motion for a new trial. Defendant, therefore, requests plain error review.

Plain error review "should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review." *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990), *cert. denied*, 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990). Appellate courts rarely grant relief on assertions of plain error as to closing argument "because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention ." *State v. Clemmons*, 753 S.W.2d 901, 907–908 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).

Generally, assertions of plain error concerning matters contained in closing argument are "denied without explication" as trial strategy looms an important consideration in any trial. *State v. Smith*, 979 S.W.2d 215, 219 (Mo.App. S.D.1998).

We have reviewed Defendant's claim, and under the circumstances here, decline to grant Defendant plain error review. Defendant's second point is therefore denied.

The judgment of the trial court is affirmed.

MONTGOMERY, P.J., and BARNEY J., concur.