**STATE of Missouri, Plaintiff–Respondent,**

v.

**Harold D. HELMS, Defendant–Appellant.**

No. 28434.

Missouri Court of Appeals, Southern District, Division One.

Oct. 10, 2008.

Michelle M. Rivera, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Harold Helms (Defendant) appeals from his conviction by a jury of the crime of statutory rape in the first degree. *See* § 566.032.1.[1] Defendant contends the trial court committed reversible error by admitting State's Exhibit 1, which showed that another person who allegedly participated in perpetrating this crime against the same victim had been convicted by a jury. Defendant argues that he was deprived of his right to a separate trial because Exhibit 1 was improperly admitted as substantive evidence to prove Defendant's involvement in the crime as an accomplice. After reviewing the record, this Court agrees. Defendant's conviction is reversed, and the cause is remanded for a new trial.

In August 2004, Defendant was charged by information with committing one count of first-degree statutory rape. The information alleged that Defendant knowingly had sexual intercourse with K.M. (Victim), who was less than 14 years old, and that Defendant subjected Victim to intercourse with more than one person.

In October 2004, Jeffrey Wayne White (White) was charged in a separate information with committing one count of first-degree statutory rape. The information alleged that White knowingly had sexual intercourse with Victim, who was less than 14 years old, and that White subjected Victim to intercourse with more than one person. In February 2006, a jury found White guilty of this offense. He was given a 20–year sentence.

Prior to Defendant's trial, defense counsel filed a motion *in limine* to suppress any reference to the result of White's trial. The motion stated:

> As grounds for this motion, Defendant states generally that the above information would be prejudicial and violates Defendant's right to a separate trial. Section 545.880 RSMo. Stating from *State v. Johnson* (456 S.W.2d 1 (Mo. 1970)) "In this state it is deemed error, usually reversible error, to show in evidence or tell the jury that a jointly accused defendant has been convicted or plead guilty." *State v. White* 952 S.W.2d 802 and *State v. Dansberry* 18 S.W.3d 518.

The motion was taken up at the pretrial conference. The prosecutor argued that, because he intended to submit an accessory liability instruction at Defendant's trial, the State was entitled to prove White had raped Victim by presenting evidence "that he was convicted by a jury of his peers of that crime." The trial court agreed and overruled the motion *in limine*.

In January 2007, Defendant's case was tried to a jury. During *voir dire*, the prosecutor informed the venirepersons that Victim and her mother would be the State's only witnesses. During opening statement, the prosecutor summarized the Victim's testimony and then said:

> In addition to her testimony concerning that, we will also bring you evidence, one of the points—we are going to submit this in a couple of different ways to you, both with this defendant as principal, that is, he raped her, and also submit it to you as an accessory case, that is, he held her down and aided while Jeffrey White had sex with her. There will be evidence in this case that in-

---

**1.** All references to statutes are to RSMo (2000) unless otherwise specified.

cludes documentary court records showing that indeed Jeffrey White did have sexual intercourse with this girl. He has been convicted of it by a jury of twelve and sentenced to twenty years in prison for his part of this rape. There should not be a big question of whether the rape occurred.

After noting that Victim did not come forward for many months, the prosecutor conceded he had no scientific evidence to present:

I wish we had scientific evidence; we don't. And in most rape cases you don't have that evidence. What you have is testimony of the victim and other corroborating evidence, like in this case the fact that Jeffrey White's been convicted by a jury of this crime .... [Y]ou'll see the actual court documents that show where that other jury looked at the factors in this case and said this man's guilty and signed off and the foreman of the jury signed it. And you'll see those documents; they'll be before you for you to look at.

The prosecutor returned to this topic at the end of his opening statement by again noting that "[t]here will be the testimony of the child, the testimony of the mother, and documents showing that the co-defendant, Jeffrey White, did indeed commit sexual intercourse with this thirteen year old child."

During the State's case-in-chief, the first witness was Victim's mother (Mother). Mother testified that Victim's behavior changed after July 2003. Victim was reclusive, fearful and wanted to sleep with her parents. She kept knives hidden in her room and took four to six showers every day. In February 2004, Victim told Mother what had happened. Mother then contacted the police.

The State's next witness was Victim, who gave the following testimony: During the summer of 2003, Victim was 13 years old. She considered Defendant, who was 20 years old, to be a friend. Victim had been to Defendant's trailer several times between May and July of 2003. During the latter month, Victim went to a party at Defendant's trailer. There were less than 10 people there. White was one of the people at the party. Victim had seen White around town and knew his name. At some point during the party, White asked Victim if she wanted to go outside. After Defendant shook his head, Victim declined. Later, Victim and Defendant stepped outside onto the porch. Defendant told Victim to follow him, and she complied. They walked to a wooded area near the porch. White was there. Victim was thrown onto the ground, and her blue jeans and panties were removed. Victim closed her eyes when the attack began, so she did not know who removed her clothing. One of the men had sex with Victim while the other held her hands. Victim believed that the men switched places and that both of them had sex with her. When the attack ended, Victim opened her eyes. The men threatened to hurt Victim and her family if she told anyone. Sometime later, Victim returned to the trailer and obtained a ride back to town.

Immediately after Victim testified, the prosecutor offered Exhibit 1. This exhibit was a package of certified documents consisting of:

1. The sentence and judgment in White's case, which stated that he had been convicted of first-degree statutory rape and sentenced to 20 years in prison.

2. An information charging White with knowingly having sexual intercourse with Victim, who was less than 14 years old, and subjecting her to intercourse with more than one person.

3. A probable cause statement.[2]

4. The Crawford County Sheriff's Office jail record for White showing his identifying information and prior offenses.

5. A verdict form finding White guilty of the offense of first-degree statutory rape.

6. A verdict-directing instruction requiring the jury in White's case to find him guilty if he had sexual intercourse with Victim, she was less than 14 years old, and he subjected her to sexual intercourse with more than one person.

7. The entire docket sheet from White's case.

Defense counsel renewed the objections made in the motion *in limine*. The trial court overruled the objections and admitted the exhibit. The court explained that the State could use Exhibit 1 to prove an element of its case and to corroborate Victim's testimony. The prosecutor published the exhibit to the jury and then rested.

After the close of all of the evidence, the court read the jury instructions to the jurors. The instruction package included two verdict-directors. Instruction No. 5, which submitted a theory of principal liability, stated:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about and between the dates of 1 May 2003 and 1 September 2003, in the County of Crawford, State of Missouri, the defendant had sexual intercourse with [Victim], and

Second, that at that time [Victim] was less than fourteen years old,

then you will find defendant guilty of statutory rape in the first degree under this instruction.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Instruction No. 6, which submitted a theory of accomplice liability, stated:

If you do not find the defendant guilty of statutory rape in the first degree as submitted in Instruction No. 5, you must consider whether he is guilty of statutory rape in the first degree under this instruction.

. . .

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about and between the dates of 1 May 2003 and 1 September 2003, in the County of Crawford, State of Missouri, Jeffrey Wayne White had sexual intercourse with [Victim], and

Second, that at that time [Victim] was less than fourteen years old,

then you are instructed that the offense of statutory rape in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

---

**2.** The following summary was contained in a section entitled "Facts supporting the allegation:"

THE VICTIM . . . STATED THAT SHE WAS ATTENDING A PARTY AT THE HOME OF [DEFENDANT]. AT SOME POINT SHE WENT OUTSIDE FOR SOME AIR AND WAS CALLED TO THE WOODS BY [DEFENDANT]. SHE FURTHER STATES THAT, WHILE IN THE WOODS SHE WAS FORCED TO THE GROUND, STRIPPED OF HER BLUE JEANS AND PANTIES AND WAS RAPED BY JEFFREY LYNN [sic] WHITE. WHEN THE RAPE WAS COMPLETED SHE WAS TOLD BY WHITE NOT TO TELL ANYONE ABOUT THE INCIDENT. WHITE TOLD HER THAT, IF SHE TOLD, SHE WOULD BE RAPED AGAIN AND HER FAMILY WOULD BE HARMED.

Third, that with the purpose of promoting or furthering the commission of that statutory rape in the first degree, the defendant acted together with or aided Jeffrey Wayne White in committing the offense,

then you will find the defendant guilty of statutory rape in the first degree under this instruction.

During closing, the prosecutor reminded the jurors that "Jeffrey White was convicted, you know that because you saw the records." The prosecutor then made the following argument:

[Y]ou've been instructed there's actually two different ways [Defendant] can commit this offense. One is as to principal, that is, he actually, out in those woods that night, had sex with her. But they have at least implied by a couple of questions that were asked that she had her eyes closed and therefore she couldn't have been sure which one was holding her and which one was having sex with her. However, there's a second instruction, if you don't find that he actually had sex with her, if you find that Jeffrey White did and he aided or assisted and he's the one that lured her out in the woods, you can find him guilty on accomplice liability of statutory rape in the first degree .... I ask you to go back and consider the evidence. You'll have a chance to take the exhibits back with you, all of them. Look at them again if you need to, and come back with a verdict of guilty.

Exhibit 1 was the only exhibit introduced in evidence by the State.

After the arguments were concluded, the trial court told the bailiff to take the exhibits and instructions to the jury room and place them in the center of the table. The jury deliberated for approximately 90 minutes. Defendant was found guilty of first-degree statutory rape as submitted in Instruction No. 6. Defense counsel filed a motion for new trial and renewed the objections to the admission of Exhibit 1. The trial court overruled the motion and sentenced Defendant to serve 15 years in prison. This appeal followed.

In Defendant's sole point on appeal, he contends the trial court committed reversible error by admitting Exhibit 1 in evidence. Defendant contends the information contained in this exhibit was prejudicial and denied Defendant his right to a separate trial. This Court agrees.

■ On appeal, a trial court's decision to admit evidence is reviewed for abuse of discretion. *State v. Bisher*, 255 S.W.3d 29, 33 (Mo.App.2008). "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Christeson*, 50 S.W.3d 251, 261 (Mo. banc 2001). To obtain reversal, Defendant must establish both error and resulting prejudice. *State v. Tyra*, 153 S.W.3d 341, 345 (Mo. App.2005). Erroneously admitted evidence is prejudicial when it deprives the defendant of a fair trial. For the following reasons, Defendant has established both error and resulting prejudice in the case at bar.

■ It is a well-settled principal of Missouri law that a jointly accused defendant's conviction may not be admitted as substantive evidence to prove another defendant's guilt or innocence of the same crime. *See, e.g., State v. Lingar*, 726 S.W.2d 728, 735 (Mo. banc 1987), *abrogated on other grounds by State v. Taylor*, 238 S.W.3d 145 (Mo. banc 2007); *State v. Green*, 136 S.W.3d 837, 841 (Mo.App.2004); *State v. Boyd*, 954 S.W.2d 602, 607 (Mo. App.1997); *State v. White*, 952 S.W.2d 802,

804–05 (Mo.App.1997). The rationale for this rule is that the fundamental presumption of innocence entitles every defendant to have his or her case decided on its own merits, without having the issue of guilt prejudged by what happened to any other defendant charged with the same crime. *Green*, 136 S.W.3d at 841; *see State v. Burgess*, 28 S.W.3d 441, 443–44 (Mo.App. 2000); *State v. Clark*, 646 S.W.2d 409, 410–11 (Mo.App.1983). The trial court deviated from this well established principle because the prosecutor intended to submit an accomplice liability theory against Defendant. That ruling, however, was error. In this state, the common law distinction between principals and accessories was eliminated long ago by court decision and statute. *See, e.g., State v. Cella*, 32 S.W.3d 114, 118 (Mo. banc 2000); § 556.170 RSMo (1959); § 562.041. "All persons who act together with a common intent and purpose in the commission of a crime are equally guilty." *Cella*, 32 S.W.3d at 118. Consequently, the prosecutor's intention to submit an accessory liability instruction did not make White's conviction admissible:

> The theory of our statute abolishing the distinction between principals and accessories, § 556.170, is that every defendant who joins in the commission of a crime is liable, on his own, as a principal; but he is also entitled to be tried on his own without having his guilt prejudged by what has happened to his co-defendant. This statute has obviated the old rule under which it was proper and perhaps necessary to show the conviction of the principal before an accessory could be convicted.

*State v. Aubuchon*, 381 S.W.2d 807, 816 (Mo.1964); *see State v. Johnson*, 456 S.W.2d 1, 4 (Mo.1970); *White*, 952 S.W.2d at 805; *State v. McCarthy*, 567 S.W.2d 722, 723–24 (Mo.App.1978). Thus, evidence that White had been convicted was not relevant or material to prove either Defendant's guilt or joint action between him and White. *State v. Mull*, 318 Mo. 647, 300 S.W. 511, 513–14 (1927). The trial court abused its discretion in admitting Exhibit 1 in evidence.

This Court also concludes that the error was prejudicial. When two or more individuals are separately charged with the same crime, it generally is reversible error to present evidence or tell the jury that a jointly accused defendant has been convicted. *See State v. Wilkins*, 59 S.W.3d 591, 594 (Mo.App.2001); *Burgess*, 28 S.W.3d at 443–44; *State v. Dansberry*, 18 S.W.3d 518, 522–23 (Mo.App.2000); *White*, 952 S.W.2d at 804–05; *Clark*, 646 S.W.2d at 410–11; *McCarthy*, 567 S.W.2d at 723–24; *State v. Fenton*, 499 S.W.2d 813, 816 (Mo.App.1973); *Johnson*, 456 S.W.2d at 4; *Aubuchon*, 381 S.W.2d at 815–16; *Mull*, 300 S.W. at 513–14. "The basic rationale underlying the holdings that this is prejudicial error is that it is irrelevant and incompetent because it infers that since the confederate was guilty the defendant must therefore be guilty and violates the defendant's right to be tried on his own." *McCarthy*, 567 S.W.2d at 724 (citation omitted). From *voir dire* through closing argument, the prosecutor repeatedly asked the jurors to accept White's conviction as substantive evidence that Defendant acted as White's accomplice in Victim's rape. The jury appears to have done so.[3] The trial court's error

---

**3.** Based on the record before this Court, the jurors appear to have improperly relied upon Exhibit 1 as substantive evidence in the case. For example, Victim expressly testified in court that she had been raped by Defendant. Victim's testimony, however, was inconsistent with the facts recited in the probable cause statement in Exhibit 1. The jurors apparently resolved that conflict by disbelieving Victim's in-court testimony and returning a verdict

in admitting Exhibit 1 was prejudicial and necessitates that Defendant's conviction be reversed. The cause is remanded for a new trial.

PARRISH, P.J., and SCOTT, J., Concur.

finding Defendant guilty only as an accomplice.