**STATE of Missouri, Plaintiff–Respondent,**

**v.**

**Dawn Michelle COLVIN, Defendant–Appellant.**

**No. SD 29826.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 19, 2010.

Rosalynn Koch, Columbia, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Dawn Michelle Colvin ("Appellant") appeals her conviction after a jury trial of the class C felony of possession of a controlled substance, in violation of section 195.202.[1] Appellant waived jury sentencing and she was sentenced to two-years imprisonment, with a suspended execution of sentence and five years probation. She now appeals alleging that the trial court erred in (1) admitting evidence that she had sores on her face and (2) overruling her objection to cross-examination regarding prior drug crimes. We affirm.

As Appellant does not contest the sufficiency of the evidence, we consider the facts and all reasonable inferences therefrom in the light most favorable to the verdict and reject all contrary evidence and inferences. *State v. Harp,* 101 S.W.3d 367, 370 (Mo.App. S.D.2003).

## Facts

In the light most favorable to the judg-

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

ment,[2] the evidence was that on August 5, 2006, Appellant was stopped by Rolla police officer Adam Meyer for making a left-hand turn without signaling. Officer Meyer made contact with Appellant, explained why he stopped her, and asked for her identification and proof of insurance. Appellant did not have her driver's license with her, but provided Officer Meyer with proof of insurance. Officer Meyer noticed Appellant's hand was shaking and she had sores on both sides of her face that were consistent with the use of methamphetamine.

Officer Meyer asked Appellant if she was okay, to which she replied yes, and he asked her to get out of the car. Appellant asked if her ex-husband had contacted the police about her. No one had contacted Officer Meyer with regard to Appellant and he thought it was an unusual question. Appellant consented to her car being searched. Officer Meyer found a glass pipe with an off-white residue inside a black wallet in Appellant's purse. After Appellant was advised of her *Miranda*[3] rights, Officer Meyer asked her if the pipe contained methamphetamine and she confirmed that it did. Appellant was arrested and taken to the Phelps County Jail.

During a subsequent search of Appellant's purse, Officer Meyer also found two small baggies that contained an off-white crystalline residue. Appellant claimed the pipe was not hers and that her ex-husband had planted it on her. When Officer Meyer asked if her ex-husband had planted anything else, Appellant claimed there was another pipe in a pair of cargo shorts in the trunk of her car; that pipe was also seized. A jury found Appellant guilty of possession of a controlled substance and she was sentenced by the trial court to two

years in prison. The execution of the sentence was suspended, and Appellant was placed on five years probation.

**Standard of Review**

The trial court is vested with broad discretion to admit and exclude evidence at trial, and this Court will find error only if the lower court's discretion was clearly abused. *State v. Smith*, 292 S.W.3d 595, 599 (Mo.App. S.D.2009). Judicial discretion is abused only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Helms*, 265 S.W.3d 894, 899 (Mo. App. S.D.2008). On direct appeal, we review the trial court's decision for not merely error, but for prejudice, and will reverse only if the error was so prejudicial that it deprived Appellant of a fair trial. *Id.* In order to prove that error was prejudicial, a defendant must show a reasonable probability that absent such evidence, the verdict would have been different. *State v. Danikas*, 11 S.W.3d 782, 792 (Mo.App. W.D.1999).

**Point I**

Appellant was charged with the class C felony of possession of a controlled substance, in violation of section 195.202. She filed a pre-trial motion in limine to exclude any evidence concerning sores on her face being "meth sores," claiming that Officer Meyer was "not qualified to testify about the origin of sores on [Appellant] as he is not a qualified expert nor medical doctor" and "[a]ny testimony regarding the meth sores would be speculation."

At trial, Officer Meyer testified that he noticed Appellant "had sores on her." Ap-

**2.** *State v. Fears*, 217 S.W.3d 323, 327 (Mo. App. S.D.2007).

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

pellant objected that Officer Meyer was not qualified to testify or determine the sores were meth sores. The State requested the opportunity to lay the foundation for Officer Meyer's training and experience, but Appellant further objected that any such testimony would be "particularly prejudicial." The State proceeded to ask Officer Meyer about the sores on Appellant's face. Again, Appellant objected based on her motion in limine; however, the motion and objections were overruled and Officer Meyer testified as follows:

[State's Counsel]: You—the question was have you ever seen those sores—that—those type of sores before?

[Officer Meyer]: Yes, I have.

[State's Counsel]: And what kind of—in what regard have you seen those kind of sores before?

[Officer Meyer]: People that use methamphetamines will consistently have those sores.

Appellant claims the trial court erred in admitting this evidence because it was irrelevant to the issue of her guilt and, even if the evidence might have been logically relevant, it was not legally relevant. We find that the trial court did not err in that the evidence was both logically and legally relevant.

Evidence is admissible if it is logically and legally relevant. Evidence is logically relevant if it tends to establish defendant's guilt; it is legally relevant when "its probative value outweighs its prejudicial effect." "The balancing of the effect and value of evidence rests within the sound discretion of the trial court."

*Smith,* 292 S.W.3d at 599–600 (internal citations omitted). Even if evidence is improperly admitted, we will affirm the trial court's decision unless the admitted evidence is so prejudicial as to deprive the defendant of a fair trial. *State v. Clayton,* 995 S.W.2d 468, 474 (Mo. banc 1999).

Appellant concedes that Officer Meyer's testimony regarding the sores on her face might have been logically relevant. Officer Meyer testified that Appellant had sores on her face, and that such sores were consistent with methamphetamine use. This made it more likely that Appellant used methamphetamine, and thus more likely that the methamphetamine found belonged to her. Therefore, the testimony was logically relevant.

Appellant alleges, however, that Officer Meyer's testimony was not legally relevant, in that its prejudicial effect outweighed its probative value. We disagree. Appellant argues that the State erroneously insinuated that the fact that all methamphetamine users have sores implies that all people with sores on their faces use methamphetamine, and that the jury therefore reached an illogical conclusion based on legally irrelevant evidence. This tenuous argument rests on the statement by Officer Meyer that "[p]eople that use methamphetamines will consistently have those sores." We do not infer the same absolute correlation from Officer Meyer's testimony. Officer Meyer made no statements regarding characteristics shared by *all* methamphetamine users, nor did he make any statements regarding *all* people with sores on their faces. He simply stated that the types of sores he observed on Appellant's face were consistent with the type of sores on those who use methamphetamine. We do not see how the jury could have reached any absolute, illogical conclusions about Appellant's guilt from such a statement.

Furthermore, even if the testimony was improperly admitted, it was not prejudicial. This case is similar to *State v. Harp,* 101 S.W.3d 367, 374–75 (Mo.App. S.D. 2003), where we affirmed the trial court's

allowance of two officers' testimony regarding Harp's appearance the day of his arrest. *Id.* at 376. Harp was convicted of manufacturing a controlled substance, possession of a chemical with intent to create a controlled substance, possession of a controlled substance, and possession of drug paraphernalia with intent to use it to manufacture methamphetamine. *Id.* at 369. Two officers testified that Harp was thin, pale, visibly shaking, and had sores, and that such characteristics indicated that he may be addicted to methamphetamine. *Id.* at 374. We found that even if the evidence had been improperly admitted, it was not prejudicial because other evidence was presented that established the same essential facts. *Id.* at 375–76.

Here, as in *Harp,* properly admitted evidence was presented to establish essentially the same facts as those established by the testimony regarding Appellant's sores. Without objection, Officer Meyer testified: that upon pulling her over, he noticed her hand shaking; that her behavior was "unusual"; that after obtaining her consent to search the car, he found a glass pipe with off-white residue; that upon her arrest he found another glass pipe in the trunk of Appellant's car; and that upon a subsequent search, he found two small baggies containing a crystalline residue. This testimony, along with the items themselves and a lab report properly admitted into evidence, also establish the same essential fact as the testimony regarding Appellant's sores—that Appellant used methamphetamine. The testimony regarding Appellant's sores was, therefore, not prejudicial. *See State v. Ponder,* 950 S.W.2d 900, 910 (Mo.App. S.D.1997) (holding that "[i]f evidence is improperly admitted, but other evidence establishes essentially the same facts, there is no prejudice to the accused and no reversible error"). Point I is denied.

## Point II

■ Appellant's second point is that the trial court erred in overruling her objection to cross-examination that she had previously been arrested for possession of controlled substances. During her direct examination, Appellant was asked if Officer Meyer asked her any questions about the pipe and baggies found inside her purse. She testified,

He asked me if it—if it was mine and if I knew what it was. And I told him no, it was not mine and I assumed from looking at the pipe I'd—my husband had used it before. I'd—I've seen it before. I've seen the tape—the Phelps County tape. I used to know Ken Clayton. I used to cut his hair.

Prior to beginning its cross-examination of Appellant, the State asked to approach the bench and the following exchange occurred:

[State's Counsel]: Your Honor, I believe she's opened the door to character cross-examination.

[Trial Court]: She does that when she takes the stand.

[State's Counsel]: I understand. But she said specifically the way she knew about methamphetamine and went through that. I can show that she has an earlier arrest for possession of methamphetamine with intent and I intend—I intend to cross her on that.

During cross-examination, Appellant testified as follows:

[State's Counsel]: Now, earlier on direct examination you also testified that you knew that it might be methamphetamine because you know a little bit about methamphetamine. You said something about a video—I heard you say that you used to cut Ken Clayton's hair. Is that accurate?

[Appellant]: Yes.

[State's Counsel]: Is that the only time that you've had any direct knowledge of anything to do with methamphetamine?

. . . .

[State's Counsel]: [Appellant], the question was, just to refresh your recollection, is that the only way—the—the video, that you had—used to cut Ken Clayton's hair, and prior experience with your husband, is that the only way that you knew anything about methamphetamine? Was the only exposure in your life?

[Appellant]: No.

[State's Counsel]: No? What was the—

[Appellant]: No, it's all—it's everywhere. It's—

[State's Counsel]: Okay.

[Appellant]:—one of the worse drugs that there is.

[State's Counsel]: Well I agree with you there. But do you have any other personal knowledge of methamphetamine?

[Appellant]: I don't understand personal knowledge. I—I don't understand what you're saying.

[State's Counsel]: Were there—was there ever an instance that you had methamphetamine on your possession before?

[Appellant]: On my possession before? No.

[State's Counsel]: How about in 2001:

[Appellant]: It was possession of controlled substance. It wasn't methamphetamine.

[State's Counsel]: And what was that?

[Appellant]: It was pills.

[State's Counsel]: And was it alleged at that time that—was that an arrest in 2001?

[Appellant]: Uh-huh.

[State's Counsel]: What—what drug was that?

[Appellant]: I don't recall specifically. Some were prescribed to me. Some were not.

[State's Counsel]: Do you recall what that arrest was for?

[Appellant]: It started out as domestic dispute.

[State's Counsel]: Do you recall what you were arrested for?

[Appellant]: Possession of a control[led] substance.

■■■ In general, it is improper to admit evidence of prior misconduct to suggest that a defendant is more likely to be guilty of the crime charged; however, evidence of prior misconduct is admissible if it is " 'necessary to provide a complete and coherent picture of the crime charged, the events leading up to it, or the circumstances surrounding it.' " *Smith*, 292 S.W.3d at 599 (quoting *State v. Coutee*, 879 S.W.2d 762, 767 (Mo.App. S.D.1994)). Additionally, where the defendant has injected an issue into a case, the State may then be allowed to admit otherwise inadmissible evidence showing that the inference arising or sought to be drawn from other evidence is not warranted. *Id.*

■■■ When evidence has been improperly admitted, we reverse only when the errantly admitted evidence is so prejudicial that it is outcome determinative. *State v. Black*, 50 S.W.3d 778, 786 (Mo. banc 2001). An error is outcome determinative when " 'the erroneously admitted evidence so influenced the jury that, when considered with and balanced against all evidence properly admitted, there is a reasonable probability that the jury would have acquitted but for the erroneously admitted evidence.' " *State v. Johnson*, 207 S.W.3d 24, 42 (Mo. banc 2006) (quoting *Black*, 50 S.W.3d at 786).

Here, Appellant placed in issue her knowledge of illegal drugs by testifying

that she assumed the pipe found by Officer Meyer was related to methamphetamine use because her husband had used it and she had seen it before. Although Appellant testified that her prior arrest was for pills and not for methamphetamine, the State claimed to the court that Appellant had a previous arrest for possession of methamphetamine with intent. The question was permitted with that understanding and was proper to rebut the inference created by Appellant's testimony on direct examination that she knew of methamphetamine because of her husband's use of it.

█ Furthermore, even if Appellant's cross-examination testimony concerning her prior arrest for drug possession was improperly admitted, it was not prejudicial. There was ample additional evidence from which the jury could have reasonably concluded that she knowingly possessed methamphetamine. As noted earlier, the testimony of Officer Meyer regarding her behavior and general demeanor following her traffic stop, as well as the drugs and drug paraphernalia found in her purse and in her car, was properly admitted. When balanced with and against this evidence, we cannot say that there was a reasonable probability that the jury would have acquitted Appellant but for the question during Appellant's cross-examination testimony regarding her prior arrest. Point II is denied.

The judgment is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.