STATE of Missouri ex rel. Christopher J. SANDERS, Relator,

v.

The Honorable Gayle L. CRANE, Circuit Judge, 29th Judicial Circuit, Respondent.

No. SD 30877.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 9, 2010.

Larry Maples, Carthage, for Relator.

Kimberly Fisher, Joplin, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

■ Christopher J. Sanders ("Relator") filed a petition for writ of prohibition, or in the alternative mandamus, seeking to prohibit the Honorable Gayle L. Crane ("Respondent") from trying Relator in the underlying case without first allowing Relator's expert access to physical evidence for fingerprint examination, or, in the alternative, directing Respondent to provide Relator's expert access to physical evidence in the underlying case for purposes of fingerprint examination. " 'Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal.' " *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008) (quoting *State ex rel. Kauble v. Hartenbach*, 216 S.W.3d 158, 159 (Mo. banc 2007)). We hereby enter a permanent writ in mandamus pursuant to Rule 84.24(1), which states, in part, "[i]f a peremptory writ in mandamus or prohibition is ordered to issue, the court shall issue an opinion setting out its reasons for issuing the writ."

Relator was charged by information with one count of class B felony possession of a controlled substance (cocaine) with intent to distribute, a violation of section 195.211.[1] Respondent is the presiding judge over the underlying case. According to the statement of probable cause, an officer responded to a call that someone was attempting to sell illegal narcotics at a truck stop. When the officer approached Relator, he claimed to have observed Relator drop two small plastic bags from his right hand; Relator was subsequently arrested. The plastic bags later field tested positive for cocaine.

Prior to trial, Relator filed four motions requesting access to all physical items held in evidence by the State. Specifically, Relator wanted access to the plastic bags so that his expert could examine them for fingerprints. At the time of his arrest, Relator denied dropping the bags. Relator now argues that if his prints are not on the plastic bags, or if fingerprints belonging to more than one individual are on the bags, he is entitled to offer that evidence at trial.[2] All of Relator's motions were overruled by Respondent; however, Respondent ordered the State to preserve fingerprint evidence on the bags. The case was scheduled to begin trial on October 20, 2010.

■ Relator sought a writ of prohibition, or in the alternative mandamus, in this Court either to prohibit Respondent from trying Relator in the underlying case without first allowing his expert access to physical evidence for fingerprint examination, or, to direct Respondent to provide Relator's expert with access to physical evidence for fingerprint examination. We issued a stop order on October 15, 2010, prohibiting Respondent from taking any further action in the underlying case until further order of this Court. We now enter a permanent writ in mandamus directing Respondent to enter an order requiring the State to provide Relator with access to the plastic bags, subject to such reasonable conditions as Respondent may impose.

Rule 25.04(A) states:

The defense may make a written motion in the court having jurisdiction to try said case requesting the state to disclose material and information not

---

1. All references to statutes are to RSMo Cum. Supp.2003, and all rule references are to Missouri Court Rules (2010), unless otherwise specified.

2. We express no opinion on whether Relator's admissibility arguments are correct.

covered by Rule 25.03. Such motion shall specify the material or information sought to be disclosed. If the court finds the request to be reasonable, the court shall order the state to disclose to the defendant that material and information requested which is found by the court to be relevant and material to the defendant's case.

Relator is entitled to examine any exculpatory evidence held by the State. Whether or not the fingerprint examination results would exonerate Relator is unknown; however, if the results contain evidence relevant to Relator's defense, denying him access to such evidence would violate his right to due process. *See State ex rel. White v. Gray*, 141 S.W.3d 460, 467 (Mo. App. W.D.2004) (finding that to hold a statutory privilege, regarding the confidentiality of adoption records, superior to the defendant's right to obtain potentially exculpatory evidence would be unconstitutional where the court determined that the records sought may contain evidence relevant to the defendant's defense).

 Denying Relator access to examine the plastic bags for fingerprints could potentially pose a problem if the underlying case should be appealed.

"An offer of proof is required to preserve a matter for appellate review. *State v. Dodd*, 10 S.W.3d 546, 556 (Mo. App. W.D.1999). 'When an objection to proffered evidence is sustained, the party offering the evidence must demonstrate its relevancy and materiality by way of an offer of proof in order to preserve the matter for appellate review.' *State v. Cardona–Rivera*, 975 S.W.2d 200, 204 (Mo.App. S.D.1998). Offers of proof 'insure that the trial court and opposing counsel understand what evidence is being offered and its relevance to the case.' *State v. Townsend*, 737 S.W.2d 191, 192 (Mo. banc 1987). An offer of proof is required to

allow the trial court to consider the testimony in context and to make an informed ruling as to its admissibility.' *Dodd*, 10 S.W.3d at 556. [Footnote omitted.]"

*State v. Bisher*, 255 S.W.3d 29, 37 (Mo. App. S.D.2008) (quoting *State v. Comte*, 141 S.W.3d 89, 93 (Mo.App. S.D.2004)). If Relator's expert is allowed to examine the plastic bags and discovers evidence that might be useful to Relator at trial, the trial judge must still determine whether or not to admit the evidence. If Relator is not able to make an offer of proof, this Court would have "no record before it from which it could ascertain if error occurred." *State v. Bisher*, 255 S.W.3d 29, 37 (Mo. App. S.D.2008).

We hereby enter a permanent writ in mandamus directing Respondent to enter an order requiring the State to provide Relator with access to the plastic bags, subject to such reasonable conditions as Respondent may impose.

BATES and FRANCIS, JJ., concur.