

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,         )
                                      )
vs.                                   )          No. SD32812
                                      )
MICHAEL LEE HOLT,                     )          **Filed:  May 7, 2014**
                                      )
    Defendant-Appellant.          )

APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Kenneth M. Hayden, Circuit Judge

**<u>AFFIRMED</u>**

    Michael Lee Holt ("Appellant") was convicted of statutory rape in the first degree and statutory sodomy in the first degree against a child less than fourteen years of age. At the time of the crime, the victim was ten years old; by the time of the trial, the victim was sixteen years old.  After the victim testified at the trial, she remained in the gallery holding a teddy bear.  Counsel for Appellant noticed the victim holding the bear and requested the court remove the teddy bear, stating that it was "sending a signal to the jury that this is just awful and traumatizing and whatever[.]"  The court refused the request stating, "[t]he statute allows them to have a comfort item and [the jury] probably

1

wouldn't have noticed if you hadn't brought it up[.]" There was no further mention of the victim holding the teddy bear during the trial.

Appellant now claims that "[t]he trial court abused its discretion in overruling Appellant's objections and allowing the alleged victim [] to hold a teddy bear while she was a spectator in the courtroom" because it violated section 491.725.[1] Appellant's contention has no merit. Section 491.725 provides:

> 3. In order to facilitate testimony that is fair and accurate, for the benefit of all parties, and in order to protect all parties from the risks of a child becoming confused while testifying in a judicial proceeding, the following child witness protection act shall apply to all children testifying in court:
>
>  . . . .
>
> (4) Upon motion made by the child, his or her representative, or any party to the judicial proceeding, at least thirty days in advance of the judicial proceeding, the court may allow the child to have a toy, blanket, or similar item in his or her possession while testifying, but such item shall only be allowed if:
> (a) All parties agree; or
> (b) If the movant shows the court by a preponderance of evidence that:
> a. The child in question cannot reliably testify without the item in his or her possession; and
> b. Allowing the item is not likely to prejudice the trier of fact in hearing and evaluating the child's testimony[.]

Clearly, section 491.725 by its plain language only applies to a child testifying. The victim testified without "the toy." Appellant admits as much, but claims:

> Although technically [section] 491.725 only applies when the child witness is testifying, logically there should also be a showing and finding of necessity and lack of prejudice when the child wants to have the comfort item as a courtroom spectator since that situation is even less traumatic for the child than testifying, and thus there is less of a need, but there still exists the same risk of prejudice.

It is not for this Court to create a new policy for victims' behavior in the courtroom while not on the witness stand. The trial court was in the best position to determine the

---

[1] All references to statutes are to RSMo Cum. Supp. 2009, unless otherwise specified.

2

appropriate behavior in the courtroom and remarked that in its observation the jury probably would not have noticed the victim with the teddy bear had Appellant's counsel not brought it up.[2]  Suffice it to say that Appellant's complaint is baseless as there was no violation of section 491.725.  Point denied.

The conviction is affirmed.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs in Separate Opinion

William W. Francis, Jr., C.J. – Concurs

---

[2] We would have trouble finding prejudice to Appellant at any rate in this case.  If the jury believed the victim was untruthful about the allegations it would not be swayed by her holding a teddy bear.  In fact, it might look staged.



# Missouri Court of Appeals

### Southern District

### Division One

STATE OF MISSOURI,      )
                                    )

     Plaintiff-Respondent,      )
                                    )

vs.                               )     No. SD32812
                                    )

MICHAEL LEE HOLT,      )
                                    )

     Defendant-Appellant.      )

## CONCURRING OPINION

Although I think Appellant is arguing § 491.725 only by analogy, the outcome is the same because "this was a matter for the trial court's exercise of discretion in controlling the proceeding in his courtroom." ***State v. Johnson***, 485 S.W.2d 106, 117 (Mo. 1972). We review for abuse of that discretion, ***id.***, and would reverse only if the trial court acted so arbitrarily, unreasonably, and illogically "as to shock the sense of justice and indicate a lack of careful consideration," ***State v. Sanders***, 353 S.W.3d 721, 722 (Mo.App. 2011), which plainly was not the case. I concur.

DANIEL E. SCOTT, J. – SEPARATE OPINION AUTHOR