

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| BLAKE SHELTON, | ) | No. ED99757 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Nancy L. Schneider |
| | ) | |
| Respondent. | ) | Filed: May 20, 2014 |

### *Introduction*

Blake Shelton (Movant) appeals the judgment of the St. Charles County Circuit Court denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant claims that the motion court erred in denying his claims that: (1) trial counsel was ineffective in failing to object to the prosecutor's statements and evidence regarding Brian Gasperoni's and John Johnson's guilty pleas to the same offense for which Movant was being tried; and (2) appellate counsel was ineffective in failing to assert that the trial court erred in admitting evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas. We affirm.

### *Factual and Procedural Background*

In the light most favorable to the verdict, the evidence at trial revealed the following: At approximately 4:00 a.m. on June 24, 2007, Mr. Johnson drove Movant and Mr. Gasperoni to St. Charles Lanes to steal money from the bowling alley. Movant "ripped open" the door of the bowling alley and entered with Mr. Gasperoni. Movant carried a rifle and Mr. Gasperoni had a

pistol. Inside the building, Movant encountered Michael Lee Childs, the janitor on duty, and asked him the location of and code to the safe. When Mr. Childs told Movant he did not know the code, Movant shot his rifle at the lock and removed the money from the safe. Movant ordered Mr. Gasperoni to "tie up" Mr. Childs, and Mr. Gasperoni complied. Movant and Mr. Gasperoni removed coins from the vending, cigarette, and game machines and took cigarettes and liquor from the bar. Movant and Mr. Gasperoni left the bowling alley, and Mr. Johnson drove them away.

The State charged Movant, Mr. Gasperoni, and Mr. Johnson separately with robbery in the first degree and armed criminal action. The State dismissed the armed criminal action charges against Mr. Gasperoni and Mr. Johnson and both men pleaded guilty to robbery in the first degree prior to Movant's trial. On the first day of Movant's trial, the State dismissed the armed criminal action charge against Movant.

At trial, during his opening statement, the prosecutor informed the jury that Mr. Gasperoni and Mr. Johnson would testify "pursuant to a plea agreement." He told the jury that he was "not ashamed" of the plea deals they received and wanted the jury to know that they "agreed to plead guilty to robbery in the first degree. The exact charge with, the exact punishment range."

Trial counsel objected, stating at side bar, that, "The Court is aware he nolle prossed the armed criminal action against my client yesterday. By opening this door, I am going to tell this jury that he nolle prossed that charge yesterday." The State informed the court "[t]hat's where I was going."

On the record, the prosecutor continued his opening statement as follows:

Now, as part of the agreement I did dismiss the armed criminal action charge for using a weapon in commission of this robbery. But they are charged with robbery

first. … I dismissed it against [Movant] as well because it's important that all three of them are found guilty of exactly the same crime. … The defendants that have pled guilty, Gasperoni and Johnson, have no specific agreement on what sentence they'll receive. They basically are going to throw themselves on the mercy of the judge.

During the State's presentation of evidence, Mr. Gasperoni testified that he voluntarily implicated himself, was charged in connection with the case, and "was throwing [him]self on the mercy of the court" in exchange for his testimony. Regarding his plea agreement, Mr. Gasperoni provided the following testimony:

> [State]: You understand you have been given no reduced charge, you are pleading guilty to robbery first?
> [Gasperoni]: Yes, sir.
> [State]: You face the full range of punishment?
> [Gasperoni]: Yes, sir.
> [State]: And you understand the State is not making any kind of plea agreement with you in terms of how much time you are going to get?
> [Gasperoni]: Yes, sir.
> …
> [State]: Did your attorney tell you that we did dismiss the armed criminal action against you?
> [Gasperoni]: He informed me of that.
> [State]: As far as you understand, is that the extent of the agreement?
> [Gasperoni]: Yes, sir.

During cross-examination, trial counsel elicited additional testimony from Mr. Gasperoni regarding his plea agreement. Mr. Gasperoni stated that he learned from his lawyer that armed criminal action carried a mandatory minimum sentence of three years' imprisonment. He testified that he was aware that the State dismissed the armed criminal action charge against him and that "anyone would hope to get probation" from the court.

Mr. Johnson also testified regarding his participation in the robbery and his guilty plea, stating:

> [State]: You understand you are agreeing to plead guilty. In fact, you have already pled guilty?
> [Johnson]: Yes, sir.

3

[State]: To robbery in the first degree?
[Johnson]: Yes, sir, I have.
[State]: The same crime [Movant] is on trial for?
[Johnson]: Yes, sir.
[State]: And you understand that you have no plea agreement as to that sentence, that you basically are going to be throwing yourself on the mercy of the judge?
[Johnson]: Yes, sir.
[State]: You understand, though, that we did dismiss armed criminal action?
[Johnson]: Yes, sir.

During cross-examination, trial counsel again asked Mr. Johnson about his guilty plea. Mr. Johnson stated that he knew armed criminal action carried a mandatory minimum sentence of three years' imprisonment and the range of punishment for robbery in the first degree was ten to thirty years' imprisonment. When asked if he was hoping to "throw [him]self on the mercy of the Court[,]" he admitted "anybody would hope something would happen if you give help, but that's not it, it's the judge. I mean, me doing this don't have nothing to do. It's all up to the judge, as far as I know."

During closing argument, trial counsel stated to the jury the following:

[Mr. Gasperoni and Mr. Johnson] are going to get armed criminal action thrown right out. Nobody has to go to the penitentiary for a mandetory [sic] minimum of three years. We will tell you what we are going to do, [trial counsel], just to try and make the playing field level, I am going to – the State is going to dismiss that charge the day we go to trial, so that when they come in here and try to understand, shove down your throat what they are trying to do is fair, uh-huh. They are trying to dress up the pig. They gave this – they gave these guys the fat hog, and gave them a deal. But now, so it does not look so bad, hey, we are going to say, we are doing an honest and just thing and fair thing, because two-thirds justice isn't enough. We are going to dismiss this charge of armed criminal action against the defendant. The defendant is going to trial, so it doesn't look like we are giving away the farm and justice isn't for sale.

The jury found Movant guilty of robbery in the first degree, and the trial court sentenced him to twenty years' imprisonment as a prior offender. This court affirmed Movant's conviction and sentence in State v. Shelton, 362 S.W.3d 482 (Mo.App.E.D. 2012).

4

Movant filed a Rule 29.15 motion for post-conviction relief, which counsel later amended. In his motion, Movant alleged, among other things, that: (1) trial counsel was ineffective in failing to object to evidence that Mr. Gasperoni and Mr. Johnson pleaded guilty to robbery in the first degree because the evidence was inadmissible and "extremely prejudicial"; and (2) appellate counsel was ineffective in failing to claim that the trial court erred in admitting evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas.

The motion court held an evidentiary hearing on Movant's motion at which trial counsel testified regarding his decision not to object to statements regarding Mr. Gasperoni's and Mr. Johnson's guilty pleas. He explained that he intended to use their guilty pleas to show that their testimony had "been bargained for" in exchange for dismissal of the armed criminal action charges and that they had "an incentive to avoid a three year penitentiary sentence" by testifying against Movant. He thought evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas "was absolutely to our benefit" because it helped to "create a story,… to show why these people, other than just being good citizens, were pointing the finger at [Movant]." Trial counsel testified that it was his trial strategy to disclose Mr. Gasperoni's and Mr. Johnson's guilty pleas and that the information would have "com[e] out regardless whether or not [the prosecutor] brought it up." He believed evidence of the men's plea bargains was "the only way to try and taint their testimony."

The motion court denied Movant's Rule 29.15 motion following the evidentiary hearing, finding that neither trial nor appellate counsel were ineffective because: (1) trial counsel made a "conscious and tactical decision… not to object to evidence of the plea agreements"; and (2) Movant was not prejudiced by appellate counsel's decision not to raise a claim that the trial court

erred in admitting evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas because such a claim would not have amounted to plain error on direct appeal. Movant appeals.

### *Standard of Review*

Our review of a denial of a motion for post-conviction relief is limited to determining whether the trial court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are erroneous if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009). In making this determination, we presume that the motion court's findings are correct. Id.

### *Discussion*

In his first point, Movant alleges that the motion court erred in denying his claim that trial counsel was ineffective in failing to object to evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas to robbery in the first degree. Movant contends that trial counsel's failure to object was not reasonable trial strategy because: (1) neither Mr. Gasperoni nor Mr. Johnson received a benefit in pleading guilty and testifying against Movant and an objection would have been sustained; and (2) trial counsel could not impeach Mr. Gasperoni and Mr. Johnson with their guilty pleas. Movant asserts trial counsel's decision prejudiced him because the evidence enabled the State to argue Mr. Gasperoni's and Mr. Johnson's guilt as evidence of Movant's guilt. The State counters that trial counsel's decision not to object was reasonable trial strategy because counsel properly used Mr. Gasperoni's and Mr. Johnson's guilty pleas to attack their credibility and demonstrate bias.

To prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and

diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the performance prong, a movant must overcome a strong presumption that counsel's conduct was reasonable and effective trial strategy. Zink, 278 S.W.3d at 175. A movant establishes prejudice by demonstrating that but for counsel's poor performance, there is a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. A movant must satisfy both the performance prong and prejudice prong of the ineffective assistance of counsel test, and if a movant fails to satisfy one prong, we need not consider the other. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987).

"Defense counsel has wide discretion in determining what strategy to use in defending his or her client." Worthington v. State, 166 S.W.3d 566, 578 (Mo. banc 2005). "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006). "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable[.]" Id. (citing Strickland, 466 U.S. at 690).

A trial counsel's failure to object is ordinarily trial strategy and therefore afforded considerable deference. Helmig v. State, 42 S.W.3d 658, 679 (Mo.App.E.D.2001). To prevail on a claim of ineffective assistance of counsel for failure to object, a movant must show that counsel's objection would have been upheld if made and that the failure to object resulted in substantial deprivation of his right to a fair trial. Richey v. State, 52 S.W.2d 591, 596 (Mo.App.W.D. 2001). Counsel has no duty to assert non-meritorious objections, and a failure to do so will not provide the basis for a claim of ineffective assistance. Anderson, 196 S.W.3d at 39.

7

Movant asserts that evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas was "not admissible because neither of them had the benefit of a plea bargain with the [S]tate" and an objection to the evidence would have been sustained. In general, the guilty pleas of individuals separately charged and separately tried for the same crime are inadmissible at trial. State v. Fenton, 499 S.W.2d 813, 816 (Mo.App.E.D. 1973). However, in anticipation of cross-examination, the State may disclose an individual's guilty plea where the individual has received a promise of immunity, reduction of charges or punishment, or dismissal of charges. State v. Borden, 605 S.W.2d 88, 91 (Mo. banc 1980).

The record reveals that Mr. Gasperoni and Mr. Johnson received a benefit by pleading guilty and the State presented evidence of their guilty pleas in anticipation of cross-examination. During his opening statement, the prosecutor informed the jury that Mr. Gasperoni and Mr. Johnson pleaded guilty to robbery in the first degree and that "as part of the agreement I did dismiss the armed criminal action charge for using a weapon in commission of this robbery." On direct examination, Mr. Gasperoni and Mr. Johnson each testified that the State dropped the armed criminal action charge against him. On cross-examination, trial counsel elicited testimony from both Mr. Gasperoni and Mr. Johnson that they knew an armed criminal action conviction carried a mandatory minimum sentence of three years' imprisonment and that they hoped to receive probation in their cases. Accordingly, the State offered evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas in anticipation of attack on cross-examination and a trial court was unlikely to sustain an objection by trial counsel to statements regarding their guilty pleas.[1]

---

[1] In support of his position that an objection would have been meritorious, Movant relies on State v. Fenton, 499 S.W.2d 813 (Mo.App. 1973), State v. Wilkins, 59 S.W.3d 591 (Mo.App.E.D. 2001), and State v. White, 952 S.W.2d 802 (Mo.App.E.D. 1997). These cases are inapposite. In Fenton and Wilkins, the State offered evidence of the co-defendant's guilty pleas as substantive evidence of the defendant's guilt, rather than in anticipation of cross-examination. 499 S.W.2d

Counsel is not ineffective for failing to make a non-meritorious objection. Bucklew v. State, 38 S.W.3d 395, 400 (Mo. banc 2001).

Furthermore, contrary to Movant's assertion, the record supports the motion court's finding that trial counsel's decision not to object to evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas in order to impeach them constituted reasonable trial strategy. At trial, counsel used Mr. Gasperoni's and Mr. Johnson's plea bargains to elicit testimony from both men that an armed criminal action conviction carried a mandatory minimum sentence of three years' imprisonment and that, without armed criminal action convictions, they hoped to get probation on their cases. At the evidentiary hearing, trial counsel explained his decision not to object to evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas was trial strategy because he wanted to use their pleas to show that their testimony was "bargained for" and "tainted" and to explain why they were "pointing the finger" at Movant. Trial counsel's decision not to object to a co-defendant's guilty plea in order to attack his credibility is reasonable trial strategy. Rainwater v. State, 770 S.W.2d 368, 370 (Mo.App.W.D. 1989). Thus, the motion court properly found that trial counsel's decision not to object was reasonable trial strategy.

Movant also contends that trial counsel's failure to object to evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas prejudiced him. However, Movant failed to overcome the presumption that trial counsel's decision was reasonable trial strategy. Thus, Movant did not establish that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. Because Movant did not satisfy the performance prong of the Strickland test, his ineffective assistance of counsel claim fails and we

at 815; 59 S.W.3d at 596. In White, the State offered evidence of the co-defendant's guilty plea to bolster the co-defendant's credibility, rather than impeach it, because nothing in the record suggested the co-defendant received a benefit for pleading guilty. 952 S.W.2d at 806.

need not consider Movant's assertion that he was prejudiced. See e.g. Bradley v. State, 292 S.W.3d 561,565 (Mo.App.E.D. 2009). Point denied.

In his second point, Movant claims that the motion court erred in denying his claim that appellate counsel was ineffective in failing to assert that the trial court erred in admitting evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas. Movant contends that had appellate counsel raised the claim, "appellate counsel could have met the burden of proving [Movant] suffered a manifest injustice" warranting reversal. The State counters that: (1) Movant abandoned his claim because he did not present any evidence at the hearing to support his assertion; and (2) a claim on appeal that the trial court erred in admitting evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas would have been unsuccessful.

As an initial matter, we address the State's claim that Movant abandoned his claim. "Allegations in a post-conviction motion are not self-proving." Nunley v. State, 56 S.W.3d 468, 470 (Mo.App.S.D. 2001). A movant bears the burden of proving by a preponderance of the evidence that appellate counsel provided ineffective assistance of counsel on direct appeal. Cole v. State, 223 S.W.3d 927, 931 (Mo.App.S.D. 2007). Appellate counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. Id.

Movant did not present substantial evidence to rebut the presumption that appellate counsel's decision was reasonable professional judgment. Appellate counsel did not testify at the hearing, and Movant presented no other evidence that appellate counsel's decision not to raise that particular point on appeal fell outside the wide range of professionally competent assistance. "Failure to present evidence at a hearing in support of factual claims in a post-conviction motion constitutes an abandonment of that claim." Nunley, 980 S.W.2d at 293. "A

[motion] court is not clearly erroneous in refusing to grant relief on an issue which is not supported by evidence at the evidentiary hearing." Cole, 223 S.W.3d at 931.

Moreover, even assuming arguendo that Movant did not abandon his claim, the motion court did not err in denying his claim because the trial court did not plainly err in admitting evidence of Mr. Gasperoni's and Mr. Johnson's guilty pleas and such an argument on appeal would not have resulted in reversal. As previously discussed, the State was permitted to disclose Mr. Gasperoni's and Mr. Johnson's guilty pleas in anticipation of an attack on cross-examination. "Appellate counsel is not ineffective for failing to assert a claim which would not have resulted in reversal had it been raised on direct appeal." Walker v. State, 34 S.W.3d 297, 302 (Mo.App.S.D. 2000). Point denied.

### *Conclusion*

The judgment of the motion court is affirmed.

_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.

11