Anthony Rex Gabbert, Judge
James Parks, III, appeals the denial of his Rule 29.15 amended motion for post-conviction relief after an evidentiary hearing. He raises four points on appeal. He contends that the motion court clearly erred in denying his motion (alleging ineffective assistance of counsel) when, 1) it found Officer Malnar's and Officer Stonfur's testimony not subject to a hearsay objection because neither the present sense hearsay exception nor subsequent police conduct applied to the double hearsay at issue, 2) it found Officer Malnar's and Officer Stonfur's testimony not subject to a Confrontation Clause objection because the statements were testimonial, 3) it misunderstood Parks' claim that counsel failed to conduct a proper investigation, and 4) it found that Parks failed to plead and prove prejudice regarding his claim that counsel gave him deficient advice regarding whether to accept a plea offer. We affirm.
Factual and Procedural Background[1]
On June 11, 2011, Aaron Godfrey was working at the Dollar General Store in Grandview, Missouri, stocking potato chips near the cash register at the front of the store. At just after six o'clock in the evening, two young black males entered the store and appeared to be shopping. The men brought a bag of potato chips to the cash register, and Godfrey came to the resister to complete the transaction. The taller of the two men, who had his T-shirt pulled up partially over his face, told Godfrey that it was a robbery. Godfrey initially thought the man was joking, but the man pulled a handgun out, aimed it at Godfrey, and ordered him to give him the money from the register. Godfrey did so, as the second of the two men waited near the front door as a lookout. After the men had the money (over $300), they left the store.
Godfrey noticed that the taller man, who had the gun, was wearing a white T-shirt, khaki shorts, no shoes, and he wore short white socks with pink on them. He observed that the shorter man, who served as a lookout, wore a Cardinals baseball cap, a white T-shirt, black shorts, black shoes, and had dreadlocks. Godfrey described the handgun used in the crime.
A customer in the store, Equalia Campbell, witnessed the robbery. She only noticed the man with the gun and not the man by the door, but she did notice that *319 the gunman had short dreadlocks, was wearing a white shirt, khaki shorts, no shoes, and white socks with pink on the bottom of them.
Three police officers arrived at the Dollar General store to take the statements of Godfrey and Campbell within minutes of the robbery. At roughly this same time, another police officer, Thomas Stonfur, heard a police dispatch that a late-model Chevrolet with license plate DG4-NBK had been involved in the robbery. Officer Stonfur saw a green Chevrolet Cavalier, with license plate DG4-N9K near the Dollar General store but heading away from it to the west. Officer Stonfur followed the Cavalier until he had backup. The Cavalier was eventually stopped on Interstate 435 just past the Kansas state line. The Cavalier contained two young males. The taller man had short dreadlocks and was wearing khaki shorts, no shirt, white socks with pink trim, and dark canvas shoes. The shorter man wore a white T-shirt, black shorts, and black shoes. A handgun matching Godfrey's description was found in the car, although the gun was determined to be a BB gun. The shorter of the two men had $398 in his pocket. Godfrey identified both men as the robbers, and Campbell identified Parks as the gunman.
The State charged Parks as a prior and persistent offender with one count of first-degree robbery. Parks was convicted after a jury trial and sentenced to twelve years in prison. We affirmed Parks' conviction and sentence on direct appeal. Id.
Parks filed a timely Rule 29.15 motion for post-conviction relief alleging ineffective assistance of trial counsel. Appointed counsel filed an amended motion. The motion court denied that motion after an evidentiary hearing.
Standard of Review
Our review of the denial of a Rule 29.15 motion is limited to determining whether the circuit court's findings and conclusions are clearly erroneous. Rule 29.15(k). We presume that the circuit court's findings of fact and conclusions of law are correct. Edwards v. State , 200 S.W.3d 500, 509 (Mo. banc 2006).
Points on Appeal
To prove ineffective assistance of counsel and succeed on appeal, Parks must meet the test set forth in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; Gennetten v. State , 96 S.W.3d 143, 147 (Mo. Ct. App. 2003). Under Strickland , Parks must establish that (1) his counsel failed to exercise the skill and diligence of a reasonably competent attorney under similar circumstances, and (2) that he was prejudiced by his counsel's deficient performance. Id. at 147-148 ; Johnson v. State , 333 S.W.3d 459, 463 (Mo. banc 2011). "Should a movant fail to satisfy either element, the appellate court on review need not consider the other." Slater v. State , 147 S.W.3d 97, 101 (Mo. Ct. App. 2004). We presume that counsel rendered adequate assistance, made all significant decisions in the exercise of professional judgment, and that counsel's actions were based on sound trial strategy. Woodworth v. State , 408 S.W.3d 143, 147 (Mo. Ct. App. 2010). "To demonstrate prejudice, a movant must show that but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different." Williams v. State , 386 S.W.3d 750, 752 (Mo. banc 2012) (internal quotations and citations omitted). A reasonable probability is one sufficient to undermine confidence in the outcome. McNeal v. State , 412 S.W.3d 886, 889 (Mo. banc 2013). To prevail, Parks must prove his claim for relief by a preponderance of the evidence. Rule 29.15(i); Brock v. State , 242 S.W.3d 430, 433 (Mo. Ct. App. 2007).
*320 Point I
In Parks' first point on appeal, he contends that the motion court clearly erred in denying his motion for post-conviction relief when it found Officer Malnar's and Officer Stonfur's testimony not subject to a hearsay objection because neither the present sense hearsay exception nor subsequent police conduct applied to the double hearsay at issue. Parks had argued in his motion for relief that trial counsel was ineffective for failing to object to this testimony.
A trial counsel's failure to object is ordinarily trial strategy and therefore afforded considerable deference. To prevail on a claim of ineffective assistance of counsel for failure to object, a movant must show that counsel's objection would have been upheld if made and that the failure to object resulted in substantial deprivation of his right to a fair trial. Counsel has no duty to assert non-meritorious objections, and a failure to do so will not provide the basis for a claim of ineffective assistance.
Shelton v. State , 440 S.W.3d 464, 470 (Mo. App. 2014) (internal citations omitted).
At trial Officer Malnar testified that, in relation to a robbery call at a Dollar General store, dispatch broadcast a description of a suspect vehicle and its occupants; the description given was "a late model Chevy with a license plate of David George 4-Nora Boyd King." Malnar responded to the Dollar General while Officer Stonfur pursued the suspect vehicle.
Officer Stonfur testified that, he heard a dispatch regarding "an armed robbery over at the Dollar General store. They said that there was a suspect vehicle, a Chevy Cavalier, that left the location with two black males in it and they got a license plate on the vehicle also." Stonfur testified that "the license number the dispatcher gave us was DG4-NBK, for Missouri."
Parks argues that the information regarding the license plate and the make of the car came from Chad Gardner, a man who saw the two men run from the store and drive off. Gardner called 911 and reported the license plate and make of the car. Parks contends that trial counsel should have objected to the officers' testimony as hearsay or a Confrontation Clause violation. Had counsel done so, he contends the evidence would have been barred. Parks argues that the officers should have only been allowed to testify that they received a description of a suspect car from dispatch and stopped a car matching that description; he asserts that neither the make nor the license plate of the car were necessary to establish subsequent police conduct.
Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Statements that are not offered for the truth of the matter asserted-but rather to explain subsequent actions of the police-are not hearsay. Id. 'It is well established that such testimony is admissible to explain the officers' conduct, supplying relevant background and continuity to the action.' State v. Brooks , 618 S.W.2d 22, 25 (Mo. banc 1981). If a statement is not offered to prove the truth of the matter asserted, then the defendant's right to confront the witnesses against him is not implicated. [State v. ] Taylor , 373 S.W.3d [513,] at 520-21 [ (Mo. App. 2012) ].
State v. Boykins , 477 S.W.3d 109, 112 (Mo. App. 2015). "Under this rule the triers of fact can be provided a portrayal of the events in question, more likely to serve the ends of justice in that the jury is not called upon to speculate on the cause or reasons for the officers' subsequent activities." Brooks , 618 S.W.2d at 25. "Out-of-court-statements that implicate the defendant in *321 the crime are admissible only to the extent they are necessary to explain the subsequent police conduct testified to at trial." Boykins , 477 S.W.3d at 112. (Internal citations and quotation marks omitted).
Here, officer testimony regarding information received from dispatch was offered to explain subsequent actions of the police, not to prove the make, model, or license number of Parks' vehicle. The make and license of the car were necessary to establish why Stonfur ultimately pulled Parks' vehicle over. Officer Stonfur testified that, soon after receiving the description from dispatch as to the robbery suspect vehicle and occupants, Stonfur spotted a vehicle matching that description. He saw a Chevy Cavalier sitting in traffic, facing the opposite direction. He got a quick glance of the license plate and observed that the first two letters were close to the description he had received. He turned his car around and got behind the vehicle to match up the other letters. He observed two black males in the vehicle. He ultimately pulled the vehicle over.
As the officers' testimony was not hearsay, any objection to the testimony on hearsay grounds would have been fruitless. The motion court did not clearly err in concluding that counsel was not ineffective for failing to object on hearsay grounds to the testimony of Officer Malnar and Officer Stonfur regarding vehicle and suspect information received from dispatch.[2]
Point one is denied.
Point II
In his second point on appeal, Parks contends that, even if Officer Malnar's and Officer Stonfur's testimony was admissible to explain subsequent police conduct, it was, nevertheless, inadmissible because it was testimonial and violated the Confrontation Clause.
The Confrontation Clause of the Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.' The Supreme Court of the United States has held that the Confrontation Clause applies to certain out-of-court statements offered as evidence at trial, although 'not all hearsay implicates the Sixth Amendment's core concerns.' Crawford v. Washington , 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Under Crawford , criminal defendants generally have the right to confront and cross-examine any person whose 'testimonial' statements are introduced as evidence, unless the individual is unavailable and the defendant has had a prior opportunity to cross-examine him or her. Id. at 51, 53-54, 124 S.Ct. 1354.
State v. Sauerbry , 447 S.W.3d 780, 784 (Mo. App. 2014).
Whether statements made in 911 calls are considered testimonial for purposes of Confrontation Clause analysis has been addressed by the Supreme Court of the United States in Davis v. Washington , 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the Supreme Court of Missouri in State v. Kemp [212 S.W.3d 135 (Mo. banc 2007) ], and our Western District in State v. Cannon , 215 S.W.3d 295 (Mo. App. W.D. 2007). The Davis court used a test, which has been adopted and applied by the Missouri courts, to determine whether statements *322 made in the course of a 911 call implicate the Confrontation Clause.
The Davis court held as follows:
'Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.' 126 S.Ct. at 2273-74.
State v. Bennett , 218 S.W.3d 604, 612 (Mo. App. 2007).
Here, we note that, although Parks references a 911 call by Chad Gardner to support his argument that Gardner's 911 call was testimonial because it was "a narrative report of a crime absent any imminent danger," Gardner's 911 call was not admitted into evidence. Although Parks argues on appeal that "the State was able to present to the jury that a witness called the police and said the robbers were in a late model Chevrolet with the license plate DG4-NBK," there is no mention at trial of a witness calling 911; there was no testimony at all regarding Gardner, his 911 call, or the origin of the dispatcher's information. In closing argument, the defense states that the license number "presumably" came from "a 911 call." This is the only mention of a 911 call at trial. Consequently, Parks' focus on the testimonial nature of Gardner's 911 call is inapplicable to the facts of this case because the 911 call was never before the jury; Parks fails to explain how the information officers received from dispatch while responding to an armed robbery and in pursuit of the robbers was testimonial.
The motion court did not clearly err in concluding that counsel was not ineffective for failing to object to the testimony of Officer Malnar and Officer Stonfur on Confrontation Clause grounds.
Point two is denied.
Point III
In his third point on appeal, Parks asserts that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because it misunderstood that his deficient investigation claim involved counsel's failure to ask Parks about a white t-shirt found in the vehicle Parks was arrested in. Parks argues that this misunderstanding is evidenced by the motion court's denial of his motion on the grounds that counsel could not have discovered the existence of the t-shirt.
In Parks' Amended Motion, he alleged that trial counsel was ineffective by failing to "adequately investigate the contents of the car Parks was arrested in as it related to the second-degree robbery plea offer." He alleged that, had counsel asked Parks if police would find a white t-shirt in the car, Parks would have answered yes, and with the knowledge that the prosecution would ultimately have possession of the white t-shirt, Parks would have accepted the State's plea offer.
In order to succeed on a claim that trial counsel was ineffective for failing to investigate, a movant must show that, (1) counsel's failure to investigate was unreasonable; and (2) as a result, the movant was prejudiced. The duty to investigate does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste.
*323 McDaniel v. State , 460 S.W.3d 18, 28 (Mo. App. 2014) (internal quotation marks and citations omitted).
Eyewitnesses to the Dollar General robbery saw both assailants wearing white t-shirts. When Parks' car was detained by police, Parks was shirtless. A few days before trial, the State turned over a white t-shirt that it found in Parks' car. The court ordered the white t-shirt excluded from evidence due to the State's late disclosure.
At the evidentiary hearing on Parks' motion for post-conviction relief, counsel testified that, in his experience as a criminal defense attorney, he anticipated that the State would impound and search the car Parks was pulled over in. He concluded that the State did that and no white t-shirt was recovered. He testified that he would not have necessarily questioned Parks regarding the existence of a t-shirt because, "if it's not there I may not want to know about that, if it's not in evidence."
Parks has not proven that counsel's failure to pursue the issue of the white t-shirt was unreasonable and not based on sound strategy. To the contrary, it was reasonable for counsel to assume that if the white t-shirt was in the car, the State would have discovered and disclosed it due to the damaging nature of the evidence. It was similarly reasonable for counsel to conclude, as a matter of strategy, that it could be detrimental to the defense to pursue such evidence.
The motion court did not clearly err in rejecting Parks' claim that trial counsel was ineffective for failing to conduct an adequate investigation.
Point three is denied.
Point IV
In his fourth point on appeal, Parks contends that the motion court clearly erred in denying his claim of ineffective counsel for deficient investigation on the grounds that Parks failed to plead and prove prejudice.[3] He argues that Strickland prejudice can be established based on deficient advice regarding whether to accept a plea offer. He states that the amended motion alleged, and evidence showed, that trial counsel's deficient investigation caused Parks to reject the plea offer.
Parks testified at the evidentiary hearing that he knew the white t-shirt was in the car when he was arrested. He argued in his motion for post-conviction relief that, "Had [Counsel] asked Mr. Parks if the police would find a white t-shirt in the car, Mr. Parks would have answered yes, and with the knowledge that the prosecution would likely ultimately have possession of the white t-shirt, Mr. Parks would have accepted the State's plea offer to second-degree robbery." Yet, the State was not allowed to use the evidence once it was discovered. And, the motion court found that the State was unaware of the existence of the t-shirt until just before trial. Thus, even if counsel had asked Parks about the t-shirt prior to Parks rejecting the plea offer, which would have necessarily been prior to the State discovering the t-shirt, this would not have altered the position Parks was in at the time he rejected the plea. When Parks rejected the plea offer, Parks knew of the existence of the t-shirt but knew the State was not using it at trial. After the State discovered the t-shirt, Parks knew of the existence of the t-shirt but knew the State was not using it at trial. Parks' assertion that he would have accepted the State's plea offer *324 if he had knowledge of what the State could have done with the evidence if it had been timely discovered is illogical and unpersuasive.[4]
Point four is denied.
Conclusion
We conclude that the motion court did not clearly err in denying Parks' Rule 29.15 motion for post-conviction relief. Parks fails to prove that counsel was ineffective for failing to object to the testimony of Officer Malnar and Officer Stonfur regarding vehicle and suspect information received from dispatch. Further, he fails to prove that counsel was ineffective for failing to ask Parks whether a white t-shirt might be found in Parks' car.
We affirm the circuit court's judgment.
All concur.

We borrow extensively from the factual and procedural background set forth in our memorandum issued in Parks' direct appeal, case number WD75523. State v. Parks , 444 S.W.3d 919 (Mo. App. 2014).

Further, even if we were to conclude that the specificity regarding the dispatcher's information was unnecessary, as Parks' contends, there is no reasonable probability that limiting the specificity would have resulted in a different trial outcome. The jurors would have still heard that Stonfur stopped Parks' car because it and its occupants matched the suspect description received from dispatch.

Given that we determined in Parks' third point on appeal that counsel was not ineffective for deficient investigation, we need not address this point but do so ex gratia.

Further, Parks' argument presupposes that the State would have offered the same plea upon learning that it had a stronger case to support conviction. We cannot make this presumption.