

# Missouri Court of Appeals

## Southern District

### Division One

BRIAN MANUEL SOUTHERN,      )
                                           )

     Movant-Appellant,       )
                                           )

v.                               )      No. SD35602
                                           )

STATE OF MISSOURI,         )      **Filed: Apr. 18, 2019**
                                           )

     Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy

### **AFFIRMED**

Brian Manuel Southern ("Movant") appeals the motion court's denial, after an evidentiary hearing, of his Rule 29.15 amended motion for post-conviction relief ("the motion").[1]  His two points on appeal claim the motion court clearly erred in denying the motion because trial counsel was ineffective in:  (1) failing to immediately object or

---

[1] All rule references are to Missouri Court Rules (2018).  This is Movant's second attempt to appeal the motion court's denial of post-conviction relief.  Movant's initial amended motion was not timely filed, but the motion court failed to conduct an inquiry into why it was untimely filed.  This Court reversed the motion court's order denying Movant's motion, and we remanded the case, directing that the motion court determine whether Movant had been abandoned by post-conviction counsel.  *Southern v. State*, 522 S.W.3d 340, 342-43 (Mo. App. S.D. 2017).  On remand, the motion court conducted an independent inquiry and found that Movant had been abandoned by motion counsel.  The motion court then adopted its original findings and conclusions denying Movant's amended motion on the merits.  We have independently verified that the amended motion at issue in this appeal was timely filed.  *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

1

move for a mistrial when a nurse practitioner testified that freezing Movant's urine sample "changed" the results of a chlamydia test; and (2) failing to investigate and call a particular witness.

Finding no clear error, we affirm.

## Standard of Review & Applicable Law

Movant must prove his grounds for relief by a preponderance of the evidence. Rule 29.15(i). We will reverse the motion court's ruling only if its findings of fact or conclusions of law are clearly erroneous. Rule 29.15(k).

> To be entitled to post-conviction relief for ineffective assistance of counsel, [Movant] must satisfy the two-prong *Strickland* test. First, [Movant] must show that his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the trial counsel's failure must prejudice [Movant]. *Id.* [. . .]

> To meet the performance prong of the *Strickland* test, [Movant] must overcome a strong presumption that counsel's conduct was reasonable and effective. *Id.* To overcome this presumption, [Movant] must point to "specific acts or omissions of counsel that, in light of all circumstances, fell outside the wide range of professional competent assistance." *Id.* A trial strategy decision may only serve as a basis for ineffective counsel if the decision is unreasonable. *Zink* [*v. State*]*,* 278 S.W.3d [170,] 176 [(Mo. banc 2009)]. The choice of one reasonable trial strategy over another is not ineffective assistance. *Id.* "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable[.]" *Anderson* [*v. State*]*,* 196 S.W.3d [28,] 33 [(Mo. banc 2006)] (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052).

> To satisfy the prejudice prong of the *Strickland* test, [Movant] must demonstrate that, absent the claimed errors, there is a reasonable probability that the outcome would be different. *Id.* A reasonable probability exists when there is "'a probability sufficient to undermine confidence in the outcome.'" *Id.* at 33–34 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

***McLaughlin v. State***, 378 S.W.3d 328, 337 (Mo. banc 2012).

## Background

Twelve-year-old Victim and Movant were at a birthday party for Victim's cousin when Movant forced Victim to have sex with him. Movant was charged with forcible rape and, in the alternative, first-degree statutory rape. A jury found Movant guilty of the lesser-included charge of first-degree statutory rape, and the trial court sentenced Movant to thirty years in the Department of Corrections. We affirmed Movant's conviction and sentence on direct appeal in an unpublished order and statement. *State v. Southern*, No. SD32513 (Mar. 27, 2014).[2]

The motion alleged, *inter alia*, that trial counsel was ineffective for failing "to timely and adequately object, move to strike, request a continuance and request a mistrial in response to Nurse [Practitioner] Cindy Tull's [("Nurse Tull")] undisclosed, unfounded and prejudicial testimony[,]" and in failing "to interview M[.]W[.] and call her as a defense witness at Movant's trial."

The motion court held an evidentiary hearing on the motion in August 2015, and both Movant and his trial counsel testified. Trial counsel testified that the Sexual Assault Forensic Examination ("SAFE") exam performed on Victim after the assault showed that Victim had tested positive for chlamydia -- an important issue in the case. Trial counsel had also received a lab test that a urine sample taken from Movant tested negative for chlamydia. Trial counsel thought this was "the most crucial evidence[,]" as Victim had identified several different men as having given her chlamydia before she finally settled on Movant.

---

[2] Here, we mention only evidence necessary to address Movant's points, and we view that evidence in the light most favorable to Movant's conviction. *See Coday v. State*, 179 S.W.3d 343, 346 (Mo. App. S.D. 2005).

Prior to trial, Movant's attorneys deposed Nurse Tull, who had been involved in both performing Victim's SAFE exam and in obtaining Movant's urine sample. That sample had been frozen prior to the testing that showed it as negative for chlamydia. During her deposition, Nurse Tull had not expressed any concerns with Movant's urine sample having been frozen before it was tested. At trial, however, Nurse Tull reversed course and testified that it was not appropriate for the urine sample to be frozen because it could kill the chlamydia that the test was designed to detect. Trial counsel stated that this testimony came as "a shock[,]" and she did not move for a mistrial or otherwise object because she was "blown away" and "dumbfounded[.]"

The next day, trial counsel did object to the admission of that new opinion testimony from Nurse Tull and requested a mistrial. The trial court denied a mistrial, but it allowed trial counsel to recall Nurse Tull and question her about the freezing of the sample. During that testimony, Nurse Tull admitted that Movant's sample was handled properly according to the Center for Disease Control.

Regarding the failure to call M.W., trial counsel stated that M.W. would have testified that she and Victim were best friends.[3] M.W. would have testified that she attended the party with Victim and that Victim never went into the bedroom alone with Movant. M.W. would testify that Victim made up the rape allegations against Movant because Victim did not want her mother to find out that she was not a virgin. Trial counsel testified that, prior to trial, she had asked her investigator to contact M.W. and find out what she knew about the events of the evening, but as far as trial counsel knew, the investigator never did so. Trial counsel also testified that two other witnesses who

---

[3] M.W.'s anticipated testimony was based on answers she gave in her deposition taken on April 9, 2015.

had attended the party provided testimony similar to the testimony that M.W. would have given.

In its subsequent findings and conclusions, the motion court found that Movant was not prejudiced by trial counsel's failure to request a mistrial or otherwise contemporaneously object to Nurse Tull's testimony about the impropriety of freezing Movant's urine sample because "[trial counsel] was able to call [Nurse] Tull to the stand and impeach her previous testimony. [Trial counsel] was also able to admit testimony that according to the Center for Disease Control[,] Movant's urine sample was handled properly." The motion court also noted that the denial of trial counsel's later request for a mistrial was upheld on direct appeal.

Regarding trial counsel's failure to locate and call M.W., the motion court found that "the subject of [M.W.]'s testimony was merely cumulative to two witnesses that did in fact testify at Movant's trial."

**Analysis**

*Point 1 – Failure to Contemporaneously Object or*
*Move for a Mistrial During Nurse Tull's Testimony*

Movant's first point claims the motion court clearly erred in denying the motion because trial counsel was ineffective for "fail[ing] to object or move for mistrial at the time [Nurse] Tull testified that freezing [Movant]'s urine sample changed the results of a chlamydia test, which was a surprise to trial counsel."[4] We disagree.

---

[4] By combining two different claims in a single point, Movant's point is multifarious and preserves nothing for appellate review. *City of Joplin v. Wallace Bajjali Dev. Partners, L.P.*, 522 S.W.3d 327, 330 (Mo. App. S.D. 2017). We will, however, exercise our discretion to review the point *ex gratia*. *Id.* at 331. To make matters worse, Movant claims in the argument section of his brief that counsel was also ineffective for failing to request a continuance. Because that claim was not included in his point relied on, it is waived, and we do not consider it. *C.S. v. Missouri Dep't of Soc. Servs.*, 491 S.W.3d 636, 656 (Mo. App. W.D. 2016).

> To prevail on a claim of ineffective assistance of counsel for failure to object, a movant must show that counsel's objection would have been meritorious and the failure to object resulted in a substantial deprivation of his right to a fair trial. *Shelton v. State*, 440 S.W.3d 464, 470 (Mo. App. E.D. 2014). In a claim of ineffective assistance, a trial counsel's failure to object is ordinarily considered trial strategy, and is therefore afforded considerable deference. *Nigro v. State*, 467 S.W.3d 881, 886 (Mo. App. W.D. 2015).

*Marshall v. State*, 567 S.W.3d 283, 291 (Mo. App. E.D. 2019).

Here, trial counsel admitted that her failure to contemporaneously object was not a matter of trial strategy. When trial counsel objected to Nurse Tull's testimony and requested a mistrial the next day, she included an alternative request for relief by means of being allowed to introduce evidence that the relevant governing standards, such as those from the Center for Disease Control, actually *require* that the urine be frozen. The trial court denied the request for a mistrial, stating that it was "not in any way restricting what evidence is properly presented on this issue, including recalling the witness."

Trial counsel recalled Nurse Tull, whereupon she admitted that literature from both Gen-Probe and the Center for Disease Control agree that freezing a urine sample is an acceptable form of control. Nurse Tull acknowledged that she was "confused on whether [a frozen urine sample is] valid or not[,]" and she agreed that Movant's negative chlamydia test could "most certainly be valid[.]"

Movant's first point fails because he cannot prove that trial counsel's failure to contemporaneously object resulted in a substantial deprivation of his right to a fair trial. *Shelton*, 440 S.W.3d at 470. When trial counsel was allowed to recall Nurse Tull, she admitted that the negative chlamydia test could be valid, and that reputable sources indicated that Movant's sample was handled appropriately. As to the second part of his claim, Movant's brief is devoid of any explanation as to why the motion court would

6

have granted a mistrial if the request had only been made the previous day. Movant has

the burden of proving prejudice, and he failed to do so here. *McLaughlin*, 378 S.W.3d at

339. Further, this court upheld the trial court's denial of a mistrial on direct appeal. *State*

*v. Southern*, No. SD32513. "The failure to make meritless objections does not constitute

ineffective assistance of counsel." *McFadden v. State*, 553 S.W.3d 289, 317 (Mo. banc

2018) (quoting *Tisius v. State*, 519 S.W.3d 413, 429 (Mo. banc 2017)).

Point 1 is denied.

*Point 2 – Failure to Investigate and Call M.W. as a Witness*

Point 2 claims the motion court clearly erred in overruling the motion because

trial counsel was ineffective for failing to investigate and call M.W. as a witness at trial.

Again, we disagree.

> In order to establish ineffective assistance of counsel for trial counsel's
> failure to call particular witnesses at trial, Appellant must prove (1) trial
> counsel knew or should have known of the witnesses' existence, (2) the
> witnesses could be located through reasonable investigation, (3) the
> witnesses would testify, and (4) the witnesses' testimony would have been
> the basis of a viable defense. *Vaca* [*v. State*], 314 S.W.3d [331,] at 335-36
> [(Mo. banc 2010)], citing *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo.
> banc 2004). A "viable defense" is one which has a reasonable probability
> of outweighing the aggravating evidence and changing the outcome of the
> trial. *Deck v. State*, 381 S.W.3d 339, 346 (Mo. banc 2012).

*Porter v. State*, No. ED 106323, 2019 WL 1339466, at *3 (Mo. App. E.D. Mar. 26,
2019).

Regarding prejudice, Movant argues only that trial counsel's failure to present

M.W.'s testimony "clearly made a difference in [Movant]'s case" in that he "was denied

his defense of actual innocence when [M.W.] was not called to testify in his defense."

This claim ignores the fact that N.B. and Q.B. both gave essentially the same testimony at

trial that M.W. gave in her deposition: (1) the other partygoers never went to Taco Bell

7

(thereby leaving Movant and Victim alone in the home); (2) Movant never ordered anyone out of the house (so that he could be alone with Victim); and (3) Movant was never alone with Victim.

Movant also alleges that M.W.'s testimony would have established that "[Victim] told M[.W.] she said it because she did not want her mother to find out she was not a virgin anymore." However, Victim admitted at trial that she had initially lied and named two other men as the perpetrator because she was scared of Movant. Trial counsel testified at the evidentiary hearing that "[t]he theory of defense at trial was that no sexual intercourse ever occurred, that it was a made-up accusation against [Movant] . . . in light that she had testified that -- or told her mother that multiple people had done it before pointing the finger at [Movant]."

The evidence Movant claims M.W. would have offered was already before the jury. It is well-established that a movant does not suffer prejudice due to counsel's failure to present cumulative evidence. *McLaughlin*, 378 S.W.3d at 343-44. The motion court's findings are supported by the record and are not clearly erroneous.

Point 2 is also denied, and the motion court's denial of post-conviction relief is affirmed.

DON E. BURRELL, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS

8